JOHN KOENIG, Respondent, v. MAX M. VAS, Appellant.—

No opinion.    Present — Peck, P. J., Dore, Cohn, Shientag and Bergan, JJ.

## (February 13, 1952.)

JOSE B. CALVA et al., Respondents, *v.* J. LASKIN & SONS CORPORATION et al., Appellants, et al., Defendants.

*Per Curiam.* The principal question on this appeal is one of *res judicata.* It is whether a finding of noninfringement in a Wisconsin judgment is equivalent to an adjudication of nonuser of the plaintiff's process by the defendants-appellants prior to 1941.

The Wisconsin judgment was entered on the basis of a stipulation which recited the express form the judgment was to take. This stipulation had been drafted by the attorneys for the parties approximately one year and a half before the judgment was entered. Its ostensible purpose was to avoid a trial of the Wisconsin litigation and make its determination dependent upon the outcome of an appeal pending in another infringement suit known as the " Celeste " action.

Proof concerning the facts and circumstances surrounding the preparation and execution of the stipulation might indicate what was the intent of the parties in providing for a judgment of " non-infringement " with respect to patent No. 2,240,388.

Pursuant to rule 108 of the Rules of Civil Practice we direct a separate trial of the question of fact concerning the intent of the parties in stipulating for judgment of noninfringement, reserving to the court at Special Term the ultimate determination of the question of whether there is an existing final judgment determining the same cause of action between the parties.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants to abide the event, the question of fact aforesaid is referred to an official referee, and the determination of the motion is remitted to Special Term to await his report.    Settle order.

Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants to abide the event, the question of fact contained in the opinion herein referred to an official referee, and the determination of the motion is remitted to Special Term to await his report.    Settle order on notice.    [See *post,* pp. 907, 1045.]